IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELEANOR REED,

    Plaintiff,

  v.

AVIS BUDGET GROUP,

    Defendant.
_____/

No. C 09-01480 CW

ORDER DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

    Pursuant to Federal Rule of Civil Procedure 12(f), Defendant Avis Budget Group moves to strike the words "seeking reasonable accommodation of her disabilities," from paragraph fifteen of Plaintiff Eleanor Reed's complaint. This paragraph states,

> Despite Defendant's knowledge that Plaintiff had complied with the notice, Defendant terminated Plaintiff's employment in retaliation for Plaintiff having engaged in protected activity, to wit: seeking reasonable accommodation of her disability and complaining of disability and race discrimination.

    Federal Rule of Civil Procedure 12(f) provides that a party may move to strike "any redundant, immaterial, impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994). Motions to strike are disfavored because they constitute a drastic remedy. 2 Moore's Federal Practice, § 12.37[1] (Matthew Bender 3d ed. 1997); Resolution Trust

1  Corp. v. Vanderweele, 833 F. Supp. 1383, 1387 (N.D. Ind. 1993);
2  Clement v. Am. Greetings Corp., 636 F. Supp. 1326, 1332 (S.D. Cal.
3  1986).  Decisions to grant motions to strike lie within the
4  discretion of the court.  Moore's Federal Practice, § 12.37[1]; von
5  Bulow v. von Bulow, 657 F. Supp. 1134, 1146 (S.D.N.Y. 1987).

6       Plaintiff is suing under Government Code § 12940(h), which
7  states that it is unlawful for an employer to discharge or
8  discriminate against any person because the person "has opposed any
9  practices forbidden under this part or because the person has filed
10 a complaint, testified, or assisted in any proceeding under this
11 part."  To constitute opposition of a forbidden practice, an
12 employee need not explicitly tell an employer that the employee's
13 conduct is in opposition to a forbidden practice in order to
14 establish a prima facie case under § 12940(h).  Yanowitz v. L'Oreal
15 USA, Inc., 36 Cal. 4th 1028, 1046 (2005).

16      FEHA requires the employer to "engage in a timely, good faith,
17 interactive process with the employee or applicant to determine
18 effective reasonable accommodations . . ."  Cal. Gov't. Code
19 § 12940(n).  Here, Plaintiff alleges that she was terminated in
20 retaliation for complaining about the denial of her accommodation
21 request.  Such a complaint may constitute an opposition as
22 contemplated by § 12940(h).  Accordingly, the Court denies
23 Defendant's motion.  The hearing scheduled for May 21, 2009 at 2:00
24 p.m. is vacated.

25      IT IS SO ORDERED.

26 Dated: 5/11/09

_____
CLAUDIA WILKEN
United States District Judge